The STATE of Ohio, Appellee,

v.

HOLDER, Appellant.

[Cite as *State v. Holder* (1994), 97 Ohio App.3d 486.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65494.

Decided Oct. 3, 1994.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Anthony J. Bondra*, Assistant Prosecuting Attorney, for appellee.

*McGinty & Hilow* and *Henry J. Hilow*, for appellant.

---

HARPER, Judge.

Appellant, Jeffery Holder, appeals from his conviction of voluntary manslaughter by the Cuyahoga County Court of Common Pleas. Appellant was sentenced to a jail term of five to twenty-five years for the manslaughter conviction and additional three years for the gun specification. For the reasons that follow, we affirm.

## I

Appellant was indicted on June 17, 1992 on one count of aggravated murder with a firearm specification and a second count of carrying a weapon while under disability with a firearm specification. Appellant pled not guilty to the charges.

Prior to the commencement of appellant's trial, he changed his not guilty plea to a guilty plea. In exchange for his plea, the state nolled the second count and amended appellant's charge to voluntary manslaughter.

Appellant was read his rights by the trial court, pursuant to Crim.R. 11(C), before the court accepted his plea and pronounced his sentence.

## II

Appellant's sole assignment of error is that:

"The trial court erred in in [*sic*] accepting appellant's guilty plea, as Criminal Rule 11(C) cannot be substantially complied with when appellant's plea was not knowingly and intelligently made."

■ Appellant argues that his guilty plea was not voluntarily given because he maintained his innocence throughout the entire proceedings. He also charges that his attorney induced him to plead guilty for fear that he would lose if he were tried on the merits. Appellant concludes by contending that:

"Based on the totality of the circumstances, the trial judge should have made a stronger effort in assuring that appellant understood the implications of his plea and that his actions were voluntary."

While appellant failed to indicate what stronger effort the trial court should have made, it is our opinion that the trial court complied with the law and we find no evidence to the contrary.

■ Crim.R. 11(C) was adopted in order to safeguard a defendant's constitutional rights provided for in the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. A defendant must be personally advised by the trial court of his constitutional rights and must waive these rights voluntarily and intelligently prior to the court's acceptance of a guilty plea. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *McCarthy v. United States* (1969), 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; *State v. Caudill* (1976), 48 Ohio St.2d 342, 345, 2 O.O.3d 467, 469–470, 358 N.E.2d 601, 603. Compliance with Crim.R. 11(C) also provides an adequate record for review when it must be determined whether a defendant voluntarily and intelligently waived his constitutional rights. *State v. Stone* (1975), 43 Ohio St.2d 163, 167, 72 O.O.2d 91, 93–94, 331 N.E.2d 411, 414.

In *Boykin v. Alabama, supra,* the United States Supreme Court held that the record must show that a defendant voluntarily and intelligently waived the privilege against self-incrimination, the right to trial by jury, and the right to confront his accusers. *Id.,* 395 U.S. at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279–280.

■ A trial court, in addition to the constitutional duty to inform, is required to inform the defendant of certain other matters before accepting the guilty plea pursuant to Crim.R. 11(C). *State v. Johnson* (1988), 40 Ohio St.3d 130, 132–133, 532 N.E.2d 1295, 1297–1298. Specifically, Crim.R. 11(C)(2) requires:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

A reviewing court must find that the trial court did not substantially comply with Crim.R. 11 prior to vacating a defendant's guilty plea. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476–477, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163. A trial court substantially complies with Crim.R. 11 where, under the totality of the circumstances, the defendant subjectively understands the rights he is waiving and the consequences of the plea. *State v. Stewart, supra.* A defendant must also demonstrate a prejudicial effect when arguing that he did not knowingly, intelligently and voluntarily enter a guilty plea. *Id.,* 51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167.

In the instant case, the following colloquy took place between the court and appellant after the court read him his rights pursuant to Crim.R. 11(C):

"THE DEFENDANT: The reason why I'm doing this is because of my family. I want to see the streets again.

"THE COURT: You wanted what?

"THE DEFENDANT: I want to see the streets again.

"THE COURT: You want to see the streets again?

"THE DEFENDANT: Yes, sir. I know deep down in my heart I didn't do this, you know, but I got a wife and five kids, you know.

"THE COURT: And you know that the penalty for the murder charge is life imprisonment; right? And you are looking at the fact this sentence is eight to 25 years?

"THE DEFENDANT: No.

"THE COURT: You are looking at lesser time if you plead than if you go to trial and get convicted; is that what you are doing?

"THE DEFENDANT: Yes.

"THE COURT: And you know that the State has agreed that they will nolle or not prosecute on the two charges of robbery, which could result in consecutive time; right?

"THE DEFENDANT: Yes, sir.

"THE COURT: So is that the basis on which you are entering your plea?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Do you have any questions about the plea?

"THE DEFENDANT: I mean—I mean—I want to know, am I getting the eight to 25?

"THE COURT: That would be up to the Court. You understand what's going on here? You are entering a plea and the jury isn't going to be called back into the courtroom to hear evidence or opening statements. It [*sic*] going to be concluded.

"I have to satisfy myself that you understand what's happening here.

"THE DEFENDANT: I understand what's happening, but—

"THE COURT: But you are not sure about the outcome is what you are saying; right? That's the question on your mind; what's going to happen to you?

"THE DEFENDANT: Yes.

"THE COURT: Okay. But you understand what the plea is, right?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you understand what the plea bargain is; right?

"THE DEFENDANT: Yes.

"THE COURT: You understand that it takes the place of the jury trial?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you understand that you give up your rights?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you know that the penalty for pleading guilty to the charge of involuntary manslaughter in this instance—involuntary manslaughter, Al?

"MR. LIPOLD: Voluntary, your Honor.

"THE COURT: Voluntary manslaughter. Strike that. That's an aggravated felony of the first degree. It is the Court's obligation to advise you that the penalty is a period of incarceration of five, six, seven, eight, nine or 10 years, up to 25 years.

"In addition, there is a firearm specification contained in the indictment. That firearm specification says that you must go to the penitentiary for a term of three years, and that three year term must be prior to and consecutive with any other sentence you receive in the case.

"Has that be [*sic*] explained to you?

"THE DEFENDANT: No.

"THE COURT: It hasn't?

"THE DEFENDANT: Yes, sir.

"THE COURT: Well, you had to know. Mr. Gibbins, you had a chance to explain the three year actual incarceration for the gun specification?

"MR. GIBBINS: Repeatedly, your Honor.

"THE COURT: Mr. Keane?

"MR. KEANE: Yes, we have, on more than one occasion.

"THE COURT: Do you remember any of that discussion?

"THE DEFENDANT: I remember now, yes.

"THE COURT: Do you know that the term of five, six, seven, eight, nine or 10 up to 25 years can be a period of actual incarceration?

"THE DEFENDANT: Yes.

"THE COURT: Do you know that the law says that you can be given a fine of up to ten thousand dollars for participating in this case?

"THE DEFENDANT: Huh?

"THE COURT: Do you know that the law says that you can be given a fine of up to ten thousand dollars, in addition to the penalty of jail, for participating in the case?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you have any questions about the nature of this charge?

"THE DEFENDANT: No.

"THE COURT: Do you have any questions about this proceeding, known as a plea bargain arrangement?

"THE DEFENDANT: No.

"THE COURT: What plea is it that you choose to enter, then, to the charge of voluntary manslaughter with a firearm specification; guilty or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: Is this plea of guilty that you entered to both the charge of voluntary manslaughter, the lesser but included offense, and the firearm specification, the use of a firearm in the commission of this offense—

"THE DEFENDANT: Yes.

"THE COURT: Is it entered of your own free will?

"THE DEFENDANT: What you [*sic*] mean? I don't understand that.

"MR. KEANE: Are you doing this voluntarily?

"THE COURT: Are you doing this of your own free will? Is this something that you are choosing to do?

"THE DEFENDANT: No, I'm not.

"THE COURT: Is it entered with your understanding of the nature of the charge and the maximum penalty that can be imposed?

"THE DEFENDANT: Yes.

"THE COURT: Is it entered voluntarily, by yourself? Are you doing it voluntarily?

"THE DEFENDANT: Yes.

"THE COURT: Is anyone forcing you to do it?

"THE DEFENDANT: No, no one is not [*sic*] forcing me to do it. I just like to do it—I'm doing it for my wife and my mother.

"THE COURT: You are saying that you are doing it of your own free will. You are really doing it for your mother and your wife; is that what you are saying?

"THE DEFENDANT: I'm doing it for myself, too.

"THE COURT: So when you said it wasn't of your own free will, the constraints on you were family constraints; is that what I'm given to understand?

"THE DEFENDANT: Yes."

■ The motivational niceties of a guilty plea are not an element of inquiry required of a trial court before a guilty plea is accepted. The court's inquiry in Crim.R. 11(C) is whether the accused, no matter what his motivations are, knows and understands the legal implications of waiving his statutory and constitutional rights in exchange for a guilty plea. The motivation can range from love of country to fear of facing the electric chair, but no violation of rights occurs unless the record shows from the totality of the circumstances that the accused's guilty plea was not voluntarily and intelligently given.

■ In the instant case, appellant's motivation to "see the streets again," and see his wife, mother, and children is not an act of an irrational man or a man coerced to undertake an action against his will. It is a calculated and willful act of a man seeking self-benefit. Since a Crim.R. 11 hearing requires the trial court's examination of an accused's free will to waive constitutional and statutory rights, an accused who knows he is innocent and professes his innocence but voluntarily and knowingly pleads guilty to that offense does so at his own peril,

for the law can only go so far to protect the innocent and even the guilty. The law cannot protect an innocent man with sound mind who pleads guilty to the offense he is charged with committing, when he knows he did not have to so plead.

Having found no error in the trial court's acceptance of appellant's plea, we overrule appellant's sole assignment of error.

*Judgment affirmed.*

NAHRA, C.J., and KRUPANSKY, J., concur.