This is an appeal from a judgment of conviction and sentence entered by the Perrysburg Municipal Court after defendant-appellant, Danielle Neal, pled guilty to one count of disorderly conduct with persistence in violation of R.C.2917.11(B). From that judgment, appellant raises the following assignment of error:
 "I. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MADE BY THE DEFENDANT TO THE POLICE."
On June 7, 1998, Neal was charged with one count of underage consumption of alcohol in violation of R.C. 4301.632.
That charge arose out of a situation in which officers of the Perrysburg Police Department responded to a complaint of loud music coming from an apartment at the Perry Lake Village Apartments in Perrysburg, Ohio. The complaint, sworn out by Patrolman Mark Lepkowski, alleged that "Danielle L. Neal consumed and admitted to consuming 1/2 Budweiser Beer at 26767 Lake Vue Dr. Apt. 14, Perrysburg OH."
Subsequently, Neal filed a motion for a free transcript of the testimony of Officers Mark Lepkowski and Mark Baumgardner, taken at a motion to suppress hearing in the companion case ofState v. Escobar, case No. CRB 9800778. Neal asserted that the transcript was necessary because she believed the officers would change their testimony at her trial. On July 27, 1998 the trial court filed a judgment entry denying Neal's motion. Specifically, the court determined that Neal had presented no evidence but, rather, mere speculation that the officers would change their testimony at trial. In addition, the court held that a transcript of the testimony was unnecessary because the court had a video of the officers' testimony and that a transcript would be superfluous.
Thereafter, Neal filed a motion to suppress any statements she may have made which were taken by the police when she was charged with underage consumption. In particular, Neal argued that because she was subjected to a custodial interrogation and had not been warned of her rights under Miranda v. Arizona
(1966), 384 U.S. 436, the statements could not be used as evidence against her. Neal cited to the officers' testimony at the hearing on the motion to suppress in Escobar as support for her motion. The court denied the motion. Thereafter, Neal pled guilty to a reduced charge of disorderly conduct with persistence in violation of R.C. 2917.11(B), a fourth degree misdemeanor.
On appeal, appellant contends that the trial court erred in denying her motion to suppress. The state counters that, because she pled guilty to the charge of disorderly conduct with persistence, appellant has waived the right to challenge the denial of her motion to suppress on appeal. For the following unrelated reason, however, we find that appellant's conviction and sentence must be reversed.
It is well-settled that an appellate court may consider plain errors which have not been pointed out in the record or separately briefed "but which affect substantial rights [and] are deemed too fundamental to be waived in contemplation of law[.]"State v. Craft (1977), 52 Ohio App.2d 1, 3. Our review of the record in this case has uncovered such an error.
Crim. R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Accordingly, a trial court is obligated to ensure that the accused understands the effect of a guilty plea and that the plea is knowingly and voluntarily given. State v. McDowell (Sept. 30, 1993), Erie App. No. E-92-78, unreported, citing Boykin v. Alabama (1969), 395 U.S. 238. That requires a meaningful dialogue between a court and a defendant before a guilty or no contest plea is accepted in a misdemeanor case where imprisonment is possible. State v. Mascaro (1991),81 Ohio App.3d 214, 216. A trial court must advise a defendant of his constitutional and statutory rights before accepting guilty pleas to both felonies and misdemeanors, including petty misdemeanors. See State v. Holder (1994), 97 Ohio App.3d 486,489; Toledo v. Chiaverini (1983), 11 Ohio App.3d 43, 44. Those requirements include " * * * his right to a trial by jury or the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense." Toledo v. Chiaverini, supra at 44.
The record of the proceedings below reveals that appellant's trial on the charge of underage consumption was scheduled for October 5, 1998. On that day, the parties appeared in open court and the following transpired.
 "THE COURT: Good morning, ladies and gentlemen. And welcome to Perrysburg Municipal Court.
 "You folks have been summonsed as prospective Jurors in a criminal case.
 "I understand, however, that there's been some developments.
"Mr. Zigray?
 "MR. ZIGRAY: Your Honor, the State would make a motion to amend the charge from under-age consumption to disorderly conduct with resistance [sic], therefore.
 "THE COURT: All right. Do you have a motion of that effect? Mr. Huffstutler?
 "MR. HUFFSTUTLER: Yes, Your Honor. That's our understanding as well.
 "THE COURT: Does the Defendant then withdraw her Jury demands?
 "MR. HUFFSTUTLER: Yes, Your Honor. She withdraws her request for a Jury.
"THE COURT: All right. I'm granting the motion.
"Understand what your plea is?
 "MR. HUFFSTUTLER: Your Honor, we would remove our motion to strike with reasons stated therein, and plead guilty to the disorderly conduct with resistance [sic].
 "THE COURT: All right. The motion for suppression has been denied. And there's a consent to a finding?
"MR. HUFFSTUTLER: Yes, Your Honor.
"THE COURT: And I find her guilty."
As is clear from this colloquy, the lower court never engaged appellant in any meaningful dialogue or ascertained that she understood the rights she was waiving by entering a guilty plea. This court has previously determined that in a misdemeanor case, a trial court cannot determine that an accused understands her rights or the effect of a plea or that it is voluntarily given based solely on defense counsel's representations. State v.Pearce (July 24, 1998), Ottawa App. No. OT-96-057, unreported;State v. McDowell, supra.
We find that the lower court's failure to ensure that appellant understood the effect of her plea and that the plea was knowingly and voluntarily given rises to the level of plain error. Given this finding, we need not reach the issue raised in appellant's assignment of error and therefore find it not well-taken.
On consideration whereof, the court finds that appellant was prejudiced and prevented from having a fair trial and the judgment of the Perrysburg Municipal Court is reversed. This cause is remanded to that court for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.