[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence entered by the Fremont Municipal Court after defendant-appellant, Joanne Roca, pleaded guilty to one count of theft, a violation of R.C. 2913.02(A) (1), a misdemeanor of the first degree. Appellant's assignments of error[1] do not address the dispositive issue in this case. However, because we find plain error which affects appellant's substantial rights and is too fundamental to be waived in contemplation of law, we reverse the judgment of the municipal court. State v. Neal (May 21, 1999), Wood App. No. WD-98-075, unreported quoting State v.Craft (1977), 52 Ohio App.2d 1, 3.
Crim.R. 11(E) states that a trial court shall not accept a guilty or no contest plea in a misdemeanor case involving a petty offense[2] "without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." As held by this court in Neal, supra:
 "Accordingly, a trial court is obligated to ensure that the accused understands the effect of a guilty plea and that the plea is knowingly and voluntarily given. State v. McDowell, 1993 Ohio App. LEXIS 4635 (Sept. 30, 1993), Erie App. No. E-92-78, unreported, citing Boykin v. Alabama (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S. Ct. 1709. That requires a meaningful dialogue between a court and a defendant before a guilty or no contest plea is accepted in a misdemeanor case where imprisonment is possible. State v. Mascaro (1991), 81 Ohio App.3d 214, 216, 610 N.E.2d 1031. A trial court must advise a defendant of his constitutional and statutory rights before accepting guilty pleas to both felonies and misdemeanors, including petty misdemeanors. See State v. Holder (1994), 97 Ohio App.3d 486, 489, 646 N.E.2d 1173; Toledo v. Chiaverini (1983), 11 Ohio App.3d 43, 44, 463 N.E.2d 56. Those requirements include "* * * his right to a trial by jury or the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense." Toledo v. Chiaverini, supra, at 44.
In applying these principles to the present case, we first note that appellant was initially charged with theft, a violation of R.C. 2913.02(A) (1), with a specification that the theft involved a negotiable instrument, see R.C. 2913.71(B), a felony of the fifth degree.
Subsequently, appellee, the state of Ohio, and appellant entered into plea negotiations. At the hearing held as a result of these negotiations, the prosecutor initially indicated that appellant was willing to agree to a plea of "no contest, consent to guilty" to a violation of R.C. 2913.02(A) (1), a misdemeanor of the first degree. In return, the prosecution was willing to agree to a sentence of one hundred eighty days in jail, with one hundred twenty days of the sentence suspended, two years probation and a fine.
The court then asked appellant's attorney whether Roca consented to a finding of guilt. He replied in the affirmative. The trial judge then allegedly inquired as to the voluntariness of appellant's plea. He noted that appellant was twenty-five years old. He later asked her whether she was under the influence of drugs, and she answered, "No." The judge also inquired as to whether she knew that the pending felony charge entitled her to a preliminary hearing. She answered "Yes." The court also engaged in the following colloquy with Roca:
 "COURT: You understand you've had the advice of experienced trial counsel. The State has agreed to reduce the charge to a misdemeanor, and you're agreeing to enter a plea of guilty to that charge, and you understand all of that. And you're also submitting yourself to sentencing, and I could sentence you right now up to six months in the county jail; you understand that? There have been no —
"MISS ROCA: Yes.
 "COURT: — guarantees or promises made to you, no coercion or threats made against you, and this is what you want to do; is that correct?
"MISS ROCA: Yes.
"COURT: Do you have any questions for me?
"MISS ROCA: No."
Based on this dialogue and the fact that appellant was "known to law enforcement," the municipal court judge found that appellant's guilty plea was voluntary.
The trial court sentenced appellant to one hundred eighty days in jail, with one hundred twenty of those days suspended and two days time served. The court also ordered restitution as a condition of the suspended jail sentence and two years of probation.
A review of the record of the plea hearing in this case reveals that the municipal court failed to comply with Crim.R. 11(E). The court never engaged appellant in any meaningful dialogue in order to determine whether she understood the constitutional rights she was waiving. This failure rises to the level of plain error in accepting appellant's guilty plea. See Crim.R. 52(B). Therefore, the judgment of the Fremont Municipal Court is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. Appellee, the state of Ohio, is ordered to pay the costs of this appeal.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.
 _______________________________ JUDGE
[1] Appellant asserts the following assignments of error on appeal:
 "THE COURT ERRED IN ORDERING RESTITUTION WHEN A SPECIFIC AMOUNT WAS NOT OFFERED BY THE STATE, THE DEFENSE OR THE VICTIM.
 "THE TRIAL COURT ERRED BY ALLOWING THE DEFENDANT TO PLEAD GUILTY WHEN THE FACTS DID NOT SUPPORT A GUILTY PLEA AND THE PLEA WAS IMPROPERLY ACCEPTED BY THE COURT.
"THE DEFENDANT HAD INEFFECTIVE ASSISTANCE OF COUNSEL."
These assignments of error are rendered moot by our disposition of this case.
[2] Unless otherwise provided in the statute, a violation of R.C. 2913.02(A) (1) is classified as petty theft, a misdemeanor of the first degree, with a possibility of up to six months in jail.2913.02(A) (2); R.C. 2929.21(B) (1). Therefore, the offense to which appellant entered a guilty plea qualifies as a petty offense under Crim.R. 2(D).