OPINION
Defendant-appellant James Byers appeals from his conviction and sentence, following a guilty plea, for Ethnic Intimidation. Byers contends that the trial court erred by accepting his plea because the State breached its agreement to remain silent during sentencing, and because he was not advised, at the plea hearing, that his right to a jury trial included the right to a public and speedy trial.
We conclude that the State's promise to remain silent with respect to sentencing is properly construed as a promise that the "prosecutor" would remain silent at sentencing, and did not include an agreement by the victim, who was a police officer, to forego his right to address the court prior to sentencing. We further conclude that the trial court, having advised Byers of his right to a jury trial, was not required to elaborate that the right to a jury trial includes the right to a public and speedy trial. Accordingly, the judgment of the trial court isAffirmed.
 I
Byers and his brother, Robert Byers, were involved in a fight with four others. Trotwood police officer Eric Wilson arrested Byers and his brother. Byers and his brother were, by their own admission at sentencing, drunk when they were arrested, and believed that Wilson had dealt with them unfairly by arresting them, and not the others involved in the fight. Byers and his brother threatened to kill Wilson and his family, and subjected Wilson to, in the words of the trial court at sentencing, "the most gross and obscene racial slurs."
Byers and his brother were charged with Ethnic Intimidation. They tendered pleas of guilty. At the plea hearing, the trial court recited the existence of an agreement with respect to the plea:
 Okay. Let me start again. The plea agreement is based upon the court's conversation with Mr. Weller and Ms. Ellison and the prosecutor. James and Robert, in return for your plea of guilty, the prosecutor has agreed to be silent regarding your sentence. It will take no position regarding what your sentence should be. Whether it be prison or community control sanctions, they will be silent, which the Court will take into consideration but the Court cannot tell you, cannot indicate to you or promise to you this morning what the Court will do.
Later, at the sentencing hearing, the attorney for Robert Byers, while advocating mitigation with respect to the sentence, noted that: "The prosecutor remained silent on the sentencing." This was after police officer Wilson had made a statement, as the victim, in which he requested that each defendant receive the maximum sentence.
During the plea hearing, the trial court addressed both defendants as follows:
 Because you are pleading guilty, you better know you are giving up your right under the constitution to a 12-person jury trial. You are giving up your right to require the prosecutor to convince all 12 members of the jury beyond a reasonable doubt that you are guilty before the jury could find you guilty. You are giving up your right to confront at the trial the witnesses that there are against you and have your lawyer cross-examine them under oath in front of the jury. You are giving up your right to the Court assisting you in your defense by ordering any witnesses who would support your defense, order them also to come to the trial and get on the witness stand and testify in your favor.
 And the last right you have is if either or both of you wanted to have your right to a trial, at the trial you both would have the Fifth Amendment right to remain silent, which means nobody could force you against your will to testify. You both would decide whether or not you wanted to testify in your own defense and if you decided not to testify, then you should know the prosecutor can't use that against you and try to convince the jury that because you didn't testify you must be — must be a guilty person. They couldn't make such a statement to the jury because that would violate your right to remain silent in your own trial.
Thereafter, the trial court elicited from each defendant that he understood the rights he would be giving up by pleading guilty, and further elicited from each defendant that he had no questions concerning the rights that the trial court had recited at the plea hearing.
The trial court accepted guilty pleas from both defendants. Thereafter, both defendants appeared at a sentencing hearing, in which police officer Wilson was afforded the opportunity to address the court, without objection by either defendant. The trial court also reviewed a pre-sentencing investigation report. The trial court then imposed the maximum sentence, one year, having made all of the findings required by R.C. 2929.12 for the imposition of the maximum sentence.
From his conviction and sentence, Byers appeals.
 II
Byers' First Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING A PLEA OF GUILTY INDUCED BY PROSECUTOR'S PROMISE TO "REMAIN SILENT AS TO SENTENCING" WHEN PROSECUTOR INDIRECTLY BREACHED SAID PROMISE.
The record reflects that the plea agreement in this case was that theprosecutor would remain silent with respect to sentencing, in exchange for Byers's guilty plea. This was the plea agreement recited by the trial court on the record at the plea hearing, and both defendants, personally, acknowledged that that was their understanding of the plea agreement. Furthermore, the attorney for one of the defendants, Robert Byers, acknowledged at the sentencing hearing, after police officer Wilson had addressed the trial court, that the "prosecutor" had remained silent with respect to sentencing, thereby honoring the plea agreement. Counsel for James Byers spoke immediately thereafter, and did not say anything to suggest that her understanding, or that of her client, was to the contrary.
The right of a victim of a crime to address the court in connection with the offender's sentencing is codified at R.C. 2929.19(A)(1). If it was the intent of the parties that police officer Wilson, the victim in this case, would forego his statutory right to address the court with respect to the issue of sentencing, in exchange for obtaining Byers's plea of guilty, that should have been clearly stated in the record. To the contrary, it appears that everyone concerned distinguished the role of the prosecutor, who agreed to remain silent at sentencing, from the role of the police officer victim, who did not agree to remain silent, and who, in fact, exercised his statutory right to address the trial court with respect to sentencing.
In both of the cases cited by Byers, United States v. Corsentino (2nd Cir., 1982), 685 F.2d 48, and United States v. Crusco (3rd Cir., 1976),536 F.2d 21, it was the prosecuting attorney who addressed the trial court with respect to sentencing, not a police officer victim. In our view, this is a critical distinction. Where a police officer is a victim, and exercises his or her statutory right, as a victim, to address the trial court on the issue of sentencing, we conclude that the police officer is addressing the court in the capacity of victim, not as an agent of the state. We need not decide, in connection with the case before us, and we do not decide, whether a police officer who is not a victim may address a trial court with respect to sentencing without compromising an agreement by the prosecution to remain silent with respect to sentencing. In the case before us, we are satisfied that all parties understood the distinct roles involved.
Byers's First Assignment of Error is overruled.
 III
Byers's Second Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING A PLEA WITHOUT ADVISING APPELLANT THAT HE HAD A CONSTITUTIONAL RIGHT TO A "SPEEDY AND PUBLIC TRIAL" WHICH HE WOULD BE WAIVING.
In this assignment of error, Byers argues that the trial court violated Crim.R. 11(C)(2) when it accepted his plea without first advising him that his right to a jury trial, which he would be giving up by his plea of guilty, included the right to a speedy and public trial. The portion of the Rule upon which Byers appears to be relying is Crim.R. 11(C)(2)(c), which provides as follows:
 In felony cases the court may refuse to accept the plea of guilty or a plea of no contest, and shall not accept the plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
* * *
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
The trial court informed Byers of each of the rights specifically referred to in the Rule, and obtained Byers's acknowledgment that he would be waiving those rights by pleading guilty. Byers argues that the trial court was required further to advise him that his right to a jury trial included the right to a speedy and public trial. Byers cites no authority for this proposition. The only case cited in this portion of Byers's brief is State v. Holder (1994), 97 Ohio App.3d 486, in which a guilty plea was upheld against a contention that it was not knowing and voluntary. In that case, there was no discussion of the recitation of rights that would be waived by the plea. The focus of the court was upon the issue of whether the defendant's waiver of rights was voluntary.
Through both case law and statutory law, the right to a jury trial encompasses many specific rights. For example, the defendant has a right to be tried in a venue that has a connection to the facts of the case, unless it appears that a fair and impartial trial cannot be held in that jurisdiction, or when it appears that trial should be held in another jurisdiction for the convenience of the parties and in the interest of justice. R.C. 2901.12, especially division (K) thereof. As another example, the right to a jury trial includes the statutory right to exercise peremptory challenges. R.C. 2945.21. If a trial judge were required, when accepting a plea of guilty or no contest, to ascertain that the defendant understands, and agrees to waive, all of the specific rights encompassed within the right to a jury trial, the trial judge would be required to teach a class in criminal procedure for all of the defendants desiring to enter pleas of guilty or no contest. We cannot imagine that this is required by Crim.R. 11(C)(2)(c).
Surely, the overwhelming majority of criminal defendants have a general understanding of what the right to a jury trial entails. If a defendant has any specific concerns, he can ask his attorney or the trial court for guidance.
In the case before us, there is no suggestion that Byers had, and waived, a right to have the charge against him dismissed because of a constitutional or statutory speedy trial violation. It appears from the record that he was indicted for the offense on May 2, 2000, and that he entered his plea three weeks later. In this case, therefore, we are not dealing with a situation where the trial court would have any reason to believe that the defendant's guilty plea would have the effect of waiving a viable right to have the charge against him dismissed because of a speedy trial violation. Accordingly, we need not decide, and do not decide, whether a trial judge would be required to advise a defendant of the existence of a right to a speedy trial, which the defendant would be waiving, in a case where the facts before the trial court would suggest a substantial likelihood that the defendant would be entitled to have the charge dismissed because of a speedy trial violation.
Byers's Second Assignment of Error is overruled.
 IV
Both of Byers's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 ____________________ FAIN, J.,
WOLFF, P.J., and YOUNG, J., concur.