OPINION
On December 13, 1999, defendant-appellant, Tateka D. Sykes, was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11, with a firearm specification; one count of possession of cocaine in violation of R.C. 2925.11, with a firearm specification; and one count of trafficking in cocaine in violation of R.C. 2925.03. On June 1, 2000, defendant was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11. On March 23, 2001, defendant was indicted on one count of possession of cocaine in violation of R.C. 2529.11, with a firearm specification; and one count of having a weapon under disability in violation of R.C. 2923.13.
These matters were consolidated and came before the trial court in a plea proceeding on April 5, 2001. After accepting defendant's pleas to reduced charges in each case, the trial court sentenced defendant pursuant to a joint recommendation between the prosecution and defendant's counsel. In the first case, stemming out of the December 13, 1999 indictment and designated case No. 01AP-915, defendant entered a guilty plea to a stipulated lesser included offense of possession of crack cocaine in violation of R.C. 2529.11, a felony of the second degree. The trial court sentenced defendant to two years, to be served consecutively with the sentence imposed in the third case, case No. 01AP-917.
In the second case, stemming out of the June 1, 2000 indictment and designated case No. 01AP-918, defendant entered a guilty plea to a lesser included offense of possession of crack cocaine in violation of R.C.2925.11, a felony of the fifth degree. The trial court sentenced defendant to eleven months, to be served concurrently with the sentences in the other two cases.
In the third case, stemming out of the March 23, 2001 indictment and designated case No. 01AP-917, defendant entered a guilty plea to the first count of the indictment possession of crack cocaine, a felony in the second degree, with a firearm specification. The trial court sentenced defendant to a two-year term for possession of crack cocaine, and a one-year term for the firearm specification. The trial court ordered that these three years be served consecutively with the sentence imposed in the first case, case No. 01AP-915.
On appeal, defendant assigns the following errors:
First Assignment of Error
 The trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary.
Second Assignment of Error
 The trial court erred in ordering the sentences to be served consecutively without finding any of the factors enumerated in R.C. 2929.14(E).
With regard to the first assignment of error, defendant argues that the trial court failed to instruct her pursuant to Crim.R. 11(C), which sets forth the procedural requirements for accepting a guilty plea. These procedural requirements are consistent with constitutional protections afforded a defendant. State v. Stewart (1977), 51 Ohio St.2d 86, 88; State v. Ingram (Mar. 5, 2002), Franklin App. No. 01AP-854, unreported. In pertinent part, Crim.R. 11(C)(2) reads:
 In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
When informing a defendant entering a guilty plea about his constitutional rights at trial, a trial court must strictly comply with the dictates of Crim.R. 11(C). State v. Hughes (Dec. 27, 2001), Franklin App. No. 01AP-196, unreported; State v. Thoburn (Dec. 14, 1999), Franklin App. No. 99AP-506, unreported. Thus, a trial court must personally tell a defendant about his Fifth Amendment privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront the defendant's accusers. State v. Nero (1990),56 Ohio St.3d 106, 107, citing Boykin v. Alabama (1969), 395 U.S. 238,242-243. See, also, State v. Johnson (1988), 40 Ohio St.3d 130,132-133, certiorari denied (1989), 489 U.S. 1098. A trial court's failure to comply strictly with Crim.R. 11(C) when informing a defendant regarding his constitutional rights is prejudicial error. Hughes, supra.
However, in contrast, when informing a defendant regarding a non-constitutional matter, the trial court need only to comply substantially with the dictates of Crim.R. 11(C). Nero, supra, at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. For example, in addressing the nature of the charges and the defendant's understanding of those charges, the trial court need not discuss with particularity each essential statutory element of the crime. Ingram, supra.
An allegation that the guilty plea was not made knowingly, intelligently and voluntarily implicates non-constitutional elements of Crim.R. 11(C) and, thus, requires only substantial compliance with Crim.R. 11(C). Hughes, supra; State v. Holder (1994), 97 Ohio App.3d 486,489-490. When alleging that a guilty plea was not made knowingly, intelligently and voluntarily, a defendant must show a prejudicial effect, i.e., that the plea would not have otherwise been made. Nero, supra, at 108.
Although defendant adequately sets out the standards applied to challenges of guilty pleas, she fails to specify a single instance in her plea proceeding in which the trial court failed to comply with Crim.R. 11(C). After reviewing the record, this court concludes that the trial court complied fully with the requirements set forth in Crim.R. 11(C) and that defendant's plea was knowing, intelligent and voluntary.
The transcript of the plea proceeding shows that the trial court set forth all counts charged in each of defendant's original indictments, the reduced charges defendant would be pleading to, the maximum sentence for each of those reduced charges, and the jointly recommended sentence for each of those reduced charges. After the plea arrangement for each case was explained, the trial court asked defendant whether she was willing to plead to the reduced charge and accept the sentence jointly recommended to the trial court. Defendant replied affirmatively each time.
The trial court also ascertained that defendant was aware of her constitutional rights, and that she knew that she was relinquishing those rights upon her pleas of guilty. The trial court's explanation included defendant's Fifth Amendment privilege against compulsory self-incrimination, the right to a trial by jury, the right to subpoena witnesses, the right to appeal, the right to require the state to prove guilt beyond a reasonable doubt and the right to confront her accusers.
Twice during the sentencing, the trial court asked defendant if she had any questions or wanted to say anything. To each question, defendant answered, "no." (Tr. 11, 15.) The trial court also elicited from defendant that she was satisfied with her attorney. When her attorney was asked if he was satisfied that defendant's plea was being made knowingly, intelligently and voluntarily, he replied "absolutely." (Tr. 11.)
Given the information imparted to defendant and defendant's clear and unequivocal responses during the plea proceeding, the record establishes that defendant was advised of and understood the nature of the charges and the constitutional and other protections afforded her. Even when offered the opportunity to express any confusion or uncertainty, defendant said nothing. Defendant did not contradict her attorney when he stated that she did make her plea knowingly, intelligently and voluntarily. Further, "defendant's failure to allege any specific errors in the trial court's recitation at the plea hearing constitutes clear evidence that defendant suffered no prejudice." State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340, unreported. Thus, defendant's first assignment of error is overruled.
In her second assignment of error, defendant contends that the trial court failed to consider the factors set forth in R.C. 2929.14(E)(4) when it imposed a consecutive sentence upon defendant. This issue, however, is not subject to review by this court based upon the facts of this case.
Pursuant to R.C. 2953.08(D), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." When consecutive sentences are jointly recommended, authorized by law and imposed by the sentencing judge, courts generally refuse to review those sentences on the basis that the trial court did not consider the factors enumerated by R.C. 2929.14(E)(4). Harris, supra; State v. Manns (Nov. 30, 2001), Clark App. No. 2000 CA 58, unreported; State v. Owens (Sept. 18, 2001), Franklin App. No. 00AP-859, unreported; State v. Riley (June 12, 2001), Athens App. No. 00CA044, unreported; State v. Rogg (Mar. 13, 2001), Highland App. No. 00CA07, unreported; State v. Gray (June 30, 2000), Greene App. No. 99-CA-103, unreported; State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. No. 75642, unreported; State v. Amstutz (Nov. 8, 1999), Stark App. No. 1999CA00104, unreported; State v. Byerly (Nov. 4, 1999), Hancock App. Nos. 5-99-26, unreported.
Here, the record indicates that the sentences imposed by the trial court were jointly recommended by the prosecution and defendant's counsel. Additionally, defendant's sentences are "authorized by law." A sentence is "authorized by law" if the prison term imposed does not exceed the maximum term prescribed by the statute for the offense. Harris, supra. As was stated above, defendant pled guilty to three counts one count of possession of crack cocaine in the second degree; one count of possession of crack cocaine in the fifth degree; and one count of possession of crack cocaine in the second degree, with a firearm specification. A court may impose a two, three, four, five, six, seven or eight-year prison term for a second degree felony, R.C. 2929.14(A)(2); a six, seven, eight, nine, ten, eleven or twelve-month prison term for a fifth degree felony, R.C. 2929.14(A)(5); and a one-year prison term if a defendant pleads guilty to a felony with a firearm specification. R.C.2929.14(D)(1)(a)(iii).
In this case, the trial court sentenced defendant to a two-year term for each of the two counts of possession of crack cocaine in the second degree and added a one-year term for the count that included a firearm specification. Because the trial court ordered that these terms be served consecutively, defendant was sentenced to an aggregate of five years. Additionally, the trial court sentenced defendant to an eleven-month term for possession of crack cocaine in the second degree, but ordered that the eleven months be served concurrently with the other sentences. Because each of defendant's sentences are within the statutory maximum terms for the offenses pled to, they are "authorized by law."
As defendant's sentence was jointly recommended, was "authorized by law" and imposed by the trial court, the sentence is not subject to review by this court. Accordingly, the second assignment of error is overruled.
Defendant's assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are hereby affirmed.
Judgments affirmed.
BOWMAN and PETREE, JJ., concur.