OPINION
{¶ 1} Defendant-appellant Roger Adams appeals his conviction and sentence from the Licking County Municipal Court on one count of disseminating matter harmful to juveniles, in violation of R.C. 2907.31, and one count of sexual imposition, in violation of R.C. 2907.06. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On June 5, 2002, defendant-appellant Roger Adams [hereinafter appellant] was charged with two misdemeanor counts: disseminating matter harmful to juveniles, in violation of R.C. 2907.31(M1) and sexual imposition, in violation of R.C. 2907.06(3). According to the detective report filed in this case, appellant picked up his 16 year old daughter and drove her to Columbus. Appellant made the daughter smoke marijuana and crack cocaine. It was also alleged that appellant fondled the daughter's breasts and asked her to have sex with him. When she refused, appellant masturbated in front of her and ejaculated on her leg.
 {¶ 3} Appellant appeared before the trial court on July 3, 2002, at which time he entered pleas of no contest to each of the charged offenses. Appellant was not represented by counsel.[1] After accepting the pleas, the trial court proceeded to find appellant guilty and sentenced appellant to maximum sentences on each count, to be served consecutive to one another, for a total of 270 days, and imposed a $450.00 fine.
 {¶ 4} On August 22, 2002, appellant filed a request for leave to file an untimely appeal. By Judgment Entry filed October 3, 2002, appellant was granted leave to appeal.
 {¶ 5} It is from these convictions and sentences that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court committed harmful error in sentencing the defendant-appellant to maximum, consecutive sentences.
 {¶ 7} "II. The trial court committed harmful error in accepting the no contest pleas of the defendant-appellant.
 {¶ 8} In the first assignment of error, appellant contends that the trial court erred when it sentenced appellant to maximum, consecutive sentences for two misdemeanor convictions. We disagree.
 {¶ 9} Specifically, appellant argues that the trial court abused its discretion when it sentenced appellant to maximum, consecutive sentences without giving any indication that it considered the factors delineated in R.C. 2929.22 or 2929.12. Revised Code 2929.22 concerns misdemeanor sentencing and states as follows:
 {¶ 10} "(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 {¶ 11} "(B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
 {¶ 12} "(a) The offender is a repeat or dangerous offender.
 {¶ 13} "(b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 {¶ 14} "* * *
 {¶ 15} "(C) The criteria listed in divisions (C) and (E) of section 2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor."
 {¶ 16} This Court has previously held that where the sentence imposed by the trial court is well within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory criteria listed in R.C. 2929.22 in the absence of an affirmative showing that it failed to do so. The statute does not require the trial court to state on the record that it has considered the statutory criteria, nor does the statute require the trial court to discuss said criteria.[2] We find nothing in the record which demonstrates that the trial court did not consider the criteria. In the absence of such demonstration, we presume the trial court considered the appropriate factors. State v. Songer (May 30, 2002), Richland App. No. 01-CA-82; State v. Trail (Oct. 4, 2001), Richland Case No. 01-CA-12;State v. Riffle, Fairfield App. No. 01CA53, 2002-Ohio-4265; State v.Sheppard (May 19, 1999), Ashland App. No. 98-COA-01278. See State v.Adams (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph 3 of syllabus.
 {¶ 17} Appellant's first assignment of error is overruled.
 II {¶ 18} In the second assignment of error, appellant argues that the trial court erred in accepting appellant's no contest plea. Appellant contends that the plea was not knowingly, voluntarily and intelligently entered as demonstrated by what appellant characterizes as statements of innocence made by appellant when the plea was entered.
 {¶ 19} First, we note that appellant concedes that the trial court substantially complied with Crim.R. 11 and provided appellant with the information required by Crim.R. 11. What appellant does argue is that appellant made enough statements indicating that he was innocent of the charges to impose upon the trial court a duty to insure that appellant was entering the plea in a knowing and voluntary manner.
 {¶ 20} In the case sub judice, appellant made the following statement to the trial court at sentencing:
 {¶ 21} "I know I had a couple drinks and, with the person, and I didn't do nothing wrong, but I'm getting blamed for something that I did, I didn't do. You can see my face right here. I can't even see. I got metal plates in it from this. I got a, I want to file charges on them whenever I get out. But I wouldn't have done nothing of the kind to tell you the truth, sir. And they all misjudge it and want to push it further and I didn't do nothing. And that's the truth. The God's honest truth. I just want to get this over with, sir.
 {¶ 22} "* * *
 {¶ 23} "The people that put these charges against me got me and beat the crap out of me for no reason. My daughter's 16 years old. She's got a boyfriend that's 24 years old. I don't know if they're in the courtroom now or not. [Tape inaudible.] I can't even hardly see though, sir. I just want to, the charges ain't really true, but that's what they want to say. I'm tired of being in jail. I've been in the hospital since June the 3rd. Got out June 19th. I came here to see what the charges were and they threw me in there and try to state everything what's going on. Kind of a setup. I got metal plate —." Transcript of Sentencing, pgs. 3-4.
 {¶ 24} Appellant cites to State v. Holder (1994),97 Ohio App.3d 486, 489, 646 N.E.2d 1173, in support of his argument. InHolder, the Eighth District Court of Appeals stated the following:
 {¶ 25} "The motivational niceties of a guilty plea are not an element of inquiry required of a trial court before a guilty plea is accepted. The court's inquiry in [determining whether a plea is knowingly, voluntarily and intelligently entered] is whether the accused, no matter what his motivations are, knows and understands the legal implications of waiving his statutory and constitutional rights in exchange for a guilty plea. The motivation can range from love of country to fear of facing the electric chair, but no violation of rights occurs unless the record shows from the totality of the circumstances that the accused's guilty plea was not voluntarily and intelligently given [A]n accused who knows he is innocent and professes his innocence but voluntarily and knowingly pleads guilty to that offense does so at his own peril, for the law can only go so far to protect the innocent and even the guilty. The law cannot protect an innocent man with sound mind who pleads guilty to the offense he is charged with committing, when he knows he did not have to so plead." Holder, 97 Ohio App.3d at 493-494.
 {¶ 26} Appellant has conceded that he was informed of the charges, that he understood the charges and was informed of and understood the potential consequences of a conviction. Appellant also concedes that he understood the effect of a no contest plea. Upon review of the totality of the circumstances, we find nothing to indicate that appellant's plea was not voluntarily, knowingly or intelligently made.
 {¶ 27} Appellant's second assignment of error is overruled.
 {¶ 28} The judgment of the Licking County Municipal Court is affirmed.
By: Edwards, J., Hoffman, P.J. and Boggins, J. concur.
In Re: Disseminating Matter Harmful To Juvenile/Harmful Error.
[1] Appellant executed a written waiver of his right to counsel.
[2] In State v. Wood (July 25, 2001), Licking App. Nos. 01CA02 and 01CA08, this court appeared to require a showing on the record that the trial court considered the factors of R.C. 2929.12 and 2929.22. In Wood, after noting that the trial court thoroughly reviewed the rights the defendant would waive by entering a guilty plea, this court found that "the record indicates the trial court did not consider any factors under either R.C. 2929.12 or 2922.22." This Court concluded that the trial court abused its discretion when it sentenced appellant to maximum, consecutive sentences. Upon reflection, we limit the holding of Wood to the facts and circumstances therein and continue to apply the standard as stated herein. Further, this Court has taken a different position when considering an appeal pursuant to R.C. 2922.22(E) and (F). This court has held that paragraphs (E) and (F) impose an affirmative duty upon the sentencing court to justify its decision to impose a fine. See State v.Riffle, Fairfield App. No. 01CA53, 2002-CA-4255.