DECISION AND JUDGMENT
{¶ 1} Appellant, Kenneth Grohowski, appeals the judgment of the Lucas County Court of Common Pleas. Grohowski was indicted for two counts of rape, both felonies of the first degree, and two counts of gross sexual imposition, one a felony of the third degree and one a felony of the fourth degree. Pursuant to a plea agreement, he entered a plea pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to one count of attempted *Page 2 
rape, a felony of the second degree, and one count of gross sexual imposition, a felony of the fourth degree. The trial court referred Grohowski to the court's diagnostic and treatment center for a sexual offender classification evaluation.
 {¶ 2} At the sentencing hearing, the trial judge asked Grohowski if he had "anything you want to tell me?" Grohowski replied: "I've been trying to tell people stuff, and I ain't never been listened to. So, I don't know what else to say." The trial court immediately proceeded to sentencing, and imposed a term of three years incarceration for attempted rape, and twelve months incarceration for gross sexual imposition. The terms were ordered to run concurrently, for a total term of four years incarceration. Also, at a hearing held pursuant to R.C. 2950.09, the court classified Grohowski as a sexually oriented offender and ordered him to comply with address notification and verification requirements for ten years.
 {¶ 3} From that judgment, Grohowski assigns one error for review:
 {¶ 4} "The trial court erred by not inquiring further of defendant after he made comments suggesting that his plea was not voluntary."
 {¶ 5} "A defendant may plea pursuant to North Carolina v. Alford when he wishes to enter a plea of guilty while professing his innocence. Since the effect of such a plea is the same as a guilty plea, it must be made voluntarily, knowingly and intelligently. Alford,400 U.S. at 36-37. The trial court must personally advise a criminal defendant of his Constitutional rights, and the defendant must waive these rights voluntarily and intelligently prior to the court's acceptance of a plea.State v. Holder (1994), *Page 3 97 Ohio App.3d 486, 489, citing Boykin v. Alabama (1969), 395 U.S. 238;McCarthy v. United States (1969), 394 U.S. 459. A trial court must also comply with Crim. R. 11, which ensures adequate appellate review for compliance with due process demands. Holder, 97 Ohio App.3d at 489. A reviewing court examines the totality of the circumstances surrounding a defendant's plea when determining compliance with due process. State v.Nero (1990), 56 Ohio St.3d 106, 108." State v. Hopkins, 6th Dist. No. L-05-1012, 2006-Ohio-967, ¶ 14.
 {¶ 6} "The trial court must strictly comply with Crim. R. 11(C)(2) regarding federal constitutional rights, but need only substantially comply with the rule regarding non-constitutional rights. State v.Stewart (1977), 51 Ohio St.2d 86, 93; State v. Marcum, 10th Dist. No. 07AP-905, 2008-Ohio-2292, ¶ 6; and State v. Lamb, 6th Dist. No. L-07-1181, 2008-Ohio-1569, ¶ 10." State v. Abuhashish, 6th Dist. No. WD-07-048, 2008-Ohio-3849, ¶ 32.
 {¶ 7} Grohowski argues that his plea was not voluntary because he "had problems comprehending the plea" and "merely went through the motions of accepting" the plea. In support of his argument, he cites our decision in State v. Nickell, 6th Dist. No. WD-07-015, 2008-Ohio-1571.
 {¶ 8} Nickell is inapposite to the instant matter. InNickell, we found that the defendant's plea was not knowing and voluntary — mainly because we found error in the trial court's prior determination that the defendant was competent to stand trial. The defendant "continued to protest her innocence during both the plea and sentencing *Page 4 
hearings, offering explanations which contradicted the state's evidence, and asking that the court talk to her doctor. Her comments and responses indicate that she did not understand that by pleading no contest, she was agreeing to the truth of the state's version of the facts, namely that she had intentionally hit the police officer." Id. at ¶ 129.
 {¶ 9} This conclusion, however, was due to the defendant's "mental illness and somewhat limited cognitive abilities" which caused her to be "unable to fully participate in her defense or to appreciate the ramifications of the no contest plea and subsequent conditions of sentencing." Id. at ¶ 118.
 {¶ 10} In comparison, Grohowski, on appeal, points only to his sole comment at sentencing that "I ain't never been listened to." This comment — made at the sentencing hearing, not the plea hearing — does not rise to the level of involuntariness presented in Nickell. Moreover, since this comment was made at sentencing, not at the plea hearing or on a motion to withdraw his plea, it could not have affected the trial court's decision to accept Grohowski's Alford plea.
 {¶ 11} Our review of the plea hearing shows that the trial court strictly complied with the notification requirements of Crim. R. 11(C)(2) and fully informed Grohowski of his constitutional and non-constitutional rights. State v. Abuhashish, 6th Dist. No. WD-07-048,2008-Ohio-3849. The trial court ascertained that Grohowski's plea was voluntary and knowing. We find no error in the trial court's acceptance of his Alford plea. Appellant's assignment of error is, therefore, not well-taken. *Page 5 
 {¶ 12} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J., William J. Skow, P.J., CONCUR. *Page 1