OPINION
{¶ 1} Defendant-appellant, Gerald Dailey, appeals from a Columbiana County Common Pleas Court judgment denying his motions to suppress evidence and his statements to police.
 {¶ 2} The facts are taken from the trial court's judgment ruling on appellant's motions to suppress.
 {¶ 3} On November 4, 2005, Megan White reported that she had gotten lost on a dead-end street when a thin man in his late 30's or early 40's, with brown hair, wearing a Steelers shirt pointed something at her car. She heard loud bangs and when she later inspected her car, she found a bullet hole.
 {¶ 4} Patrolman Scott Mick was dispatched to talk with White. He took her on a drive to try to locate the street on which this incident occurred. They ended up on Claybourne Street in East Liverpool. Patrolman Kelsey Hedrick met them there to look around, but then left.
 {¶ 5} While the officers were looking around the area, White reported to Mick that she saw a man at the far end of the street come out of his house a few times and stare down the street. Mick decided to investigate. He noticed a man looking from the window of the house and Mick motioned for him to come out. The man, who turned out to be appellant, came out and stood in his front yard with Mick.
 {¶ 6} Mick asked appellant if anything unusual had happened that night. Appellant told him that a car had almost hit his child and then sped off. He stated that he did not hear any gunshots. Mick asked appellant if he owned any guns and appellant said that he did. Mick noticed that appellant matched the description that White had given him, so he asked Hedrick to come back. Hedrick also talked to appellant in his front yard, asked similar questions, and received similar answers.
 {¶ 7} Hedrick next told appellant about what had happened to White and stated that he was trying to get to the truth. Appellant then admitted that he was the shooter. Appellant told Hedrick that he had fired once into the ground and then twice into the hillside to scare the person in the car because he was afraid someone was breaking into his property. Hedrick asked appellant where the gun was. Appellant *Page 3 
stated that he would get it. Appellant then turned and walked to his house.
 {¶ 8} Hedrick and Mick followed appellant in through the front door. Appellant got the gun and handed it to Hedrick. By this time, at least two other officers arrived at the scene.
 {¶ 9} Hedrick then told appellant that he would have to go to the police station to give a statement. He took appellant to the station, where he read appellant his Miranda rights. Appellant filled out a statement form, writing an inculpatory statement. Hedrick asserted that he advised appellant of his Miranda rights before appellant wrote his statement. Appellant claimed that Hedrick did not advise him of his rights until after he gave his statement.
 {¶ 10} A Columbiana County grand jury subsequently indicted appellant on one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2), with a firearm specification.
 {¶ 11} Appellant filed two motions to suppress — one to suppress his statements and another to suppress evidence seized from his home. He alleged that he made the statements without being advised of hisMiranda rights and that the evidence seized was done so without a warrant or an exception to the warrant requirement.
 {¶ 12} The trial court held a hearing on appellant's motions and denied them both. It found that at the time appellant made his statements to police, he knew he was not in custody and, therefore,Miranda did not apply. It further found that the police did not conduct a search of appellant's home, but instead simply followed him inside when he offered to retrieve the gun for them. Finally, the court found that Hedrick gave appellant his Miranda warnings at the police station prior to taking his statement and, therefore, this statement was admissible.
 {¶ 13} Appellant subsequently withdrew his plea of not guilty and entered an Alford plea of guilty. Plaintiff-appellee, the State of Ohio, dropped the firearm specification. The court found appellant guilty of felonious assault as charged. It subsequently sentenced appellant to two years in prison. *Page 4 
 {¶ 14} Appellant filed a timely notice of appeal on November 2, 2006.
 {¶ 15} Appellant raises two assignments of error, which state:
 {¶ 16} "THE LOWER COURT ERRED BY NOT SUPPRESSING THE STATEMENTS MADE BY THE DEFENDANT, GERALD DAILEY, BOTH AT HIS HOME AND IN THE POLICE STATION."
 {¶ 17} "THE LOWER COURT ERRED BY NOT SUPPRESSING THE EVIDENCE WHICH WAS SEIZED BY THE POLICE AFTER THEIR UNLAWFUL ENTRY INTO THE DEFENDANT'S HOME."
 {¶ 18} Appellant argues in these assignments of error that the trial court erred in denying his motions to suppress for various reasons. However, appellant has waived review of these assignments of error.
 {¶ 19} Appellant entered an Alford plea in this case. (Sept. 5, 2006 judgment entry; Sentencing Tr. 4). An Alford plea is a guilty plea made in accordance with North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, whereby the defendant pleads guilty but maintains that he did not commit the crime that he is pleading to. AnAlford plea is "merely a species of guilty plea" and is "procedurally indistinguishable" from a guilty plea. State v. Carter (1997),124 Ohio App.3d 423, 429, 706 N.E.2d 409; State v. Nguyen, 6th Dist. No. L-05-1369, 2007-Ohio-2034, at ¶ 18.
 {¶ 20} By entering an Alford plea the defendant waives review of all alleged errors, including the denial of a motion to suppress, except those errors that may have affected the entry of the plea pursuant to Crim.R. 11. Nguyen, 2007-Ohio-2034, at ¶ 18; State v. Lewis (July 30, 1999), 7th Dist. No. 97-CA-161. Therefore, appellant has waived review in this case as to whether the trial court erred in denying his motions to suppress.
 {¶ 21} For this reason, the trial court's judgment is hereby affirmed. *Page 5 
 Vukovich, J., concurs. Waite, J., concurs. *Page 1