DECISION AND JUDGMENT
{¶ 1} Appellant, Christopher Willis, appeals the judgment of the Lucas County Court of Common Pleas. Willis was indicted for disseminating matter harmful to juveniles, a fourth degree felony. Willis entered a plea, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to one count of attempt to disseminate matter harmful to juveniles, a violation of R.C. 2923.02 and 2907.31(A)(1) and (D), a felony of the fifth *Page 2 
degree. The trial court accepted the plea, and at sentencing ordered Willis to serve a term of 11 months incarceration.
 {¶ 2} Willis raises one assignment of error for review:
 {¶ 3} "The trial court failed to engage in a meaningful dialogue with appellant regarding his understanding of the Alford plea and his justification for entering into it."
 {¶ 4} "A defendant may plea pursuant to North Carolina v. Alford when he wishes to enter a plea of guilty while professing his innocence. Since the effect of such a plea is the same as a guilty plea, it must be made voluntarily, knowingly and intelligently. Alford,400 U.S. at 36-37. The trial court must personally advise a criminal defendant of his Constitutional rights, and the defendant must waive these rights voluntarily and intelligently prior to the court's acceptance of a plea.State v. Holder (1994), 97 Ohio App.3d 486, 489, citing Boykin v.Alabama (1969), 395 U.S. 238; McCarthy v. United States (1969),394 U.S. 459. A trial court must also comply with Crim. R. 11, which ensures adequate appellate review for compliance with due process demands.Holder, 97 Ohio App.3d at 489. A reviewing court examines the totality of the circumstances surrounding a defendant's plea when determining compliance with due process. State v. Nero (1990), 56 Ohio St.3d 106,108." State v. Hopkins, 6th Dist. No. L-05-1012, 2006-Ohio-967, ¶ 14.
 {¶ 5} "The trial court must strictly comply with Crim. R. 11(C)(2) regarding federal constitutional rights, but need only substantially comply with the rule regarding non-constitutional rights. State v.Stewart (1977), 51 Ohio St.2d 86, 93, State v. Marcum, *Page 3 
10th Dist. No. 07AP-905, 2008-Ohio-2292, ¶ 6; and State v. Lamb, 6th Dist. No. L-07-1181, 2008-Ohio-1569, ¶ 10." State v. Abuhashish, 6th Dist. No. WD-07-048, 2008-Ohio-3849, ¶ 32.
 {¶ 6} Willis argues that the trial court failed to adequately ascertain his understanding of the plea, "regardless of his protestations of innocence." Willis further argues that the trial court never asked him for his reasons for entering the Alford plea, and accepted the plea despite no showing of a "rational calculation" to enter the plea, citing State v. Padgett (1990), 67 Ohio App.3d 332, 338: "Because an Alford plea involves a rational calculation that is significantly different from the calculation made by a defendant who admits he is guilty, the obligation of the trial judge with respect to the taking of an Alford plea is correspondingly different. The trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor."
 {¶ 7} We have reviewed the entire plea hearing transcript and determine that the trial court adequately ascertained Willis' understanding of his plea. First, contrary to his assertion on appeal, Willis made no protestations of innocence at his plea hearing. Second, with respect to the "rational" nature of the Alford plea, the trial court inquired of Willis:
 {¶ 8} "You also understand that you're entering a plea of guilty pursuant to North Carolina v. Alford. And I assume your attorney has advised you of the nature of this *Page 4 
plea, which essentially means that you are entering a plea of guilty but you are not admitting committing the offense. You're entering the plea to avoid risk of conviction for a more serious offense. Do you understand that, sir."
 {¶ 9} Willis answered affirmatively, indicating his understanding. The trial court then obtained acknowledgment from Willis' defense counsel that he was satisfied that Willis was knowingly, intelligently and voluntarily entering the plea. Willis and his counsel reviewed the plea form and Willis signed the written plea during the plea hearing.
 {¶ 10} After reviewing appellant's plea hearing, we conclude that Willis did make a voluntary, knowing and intelligent waiver of his constitutional rights. The trial court strictly complied with the notification requirements of Crim. R. 11(C)(2)(c). It ascertained that Willis waived his right to a jury trial, the right to have the state prove each essential element of the charge beyond a reasonable doubt, the right to confront and cross-examine witnesses, the right to call witnesses on his own behalf, and the right not to testify. The trial court also notified Willis of post-release control and the consequences for violating post-release control, and the maximum possible sentences for the offense. In sum, the trial court's colloquy with Willis adequately informed him of the effects of his plea and the trial court did not err in accepting his plea. As Willis' plea was knowing, intelligent, and voluntary, and as he understood the effects of his plea, his assignment of error is not well-taken. *Page 5 
 {¶ 11} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1