[Cite as *State v. Adkins*, 2015-Ohio-4605.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | |
|---|---|
| STATE OF OHIO | : |
| | : Appellate Case No. 2014-CA-118 |
| Plaintiff-Appellee | : |
| | : Trial Court Case No. 2014-CR-583 |
| v. | : |
| | : (Criminal Appeal from |
| SARAH ADKINS | :  Common Pleas Court) |
| | : |
| Defendant-Appellant | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of November, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794, Arnold & Arnold, Ltd., 1502 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Sarah Adkins appeals from her conviction for Endangering Children following a guilty plea accompanied by a protestation of innocence,

made pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). She contends that the conviction must be reversed because the trial court erred by failing to suppress evidence. She further contends that the trial court erred in accepting her plea, because it failed to comply with the mandates of Crim.R. 11.

{¶ 2} We conclude that the issues regarding Adkins's suppression motion have not been preserved for appeal. We further conclude that the trial court complied with the requirements set forth in Crim.R. 11, as they pertain to an *Alford* plea. Accordingly, the judgment of the trial court is Affirmed.

## I.    The Course of Proceedings

{¶ 3} In January 2014, Adkins's three-week old infant was taken to the hospital, where the child was diagnosed with thirteen acute rib fractures, bruising on the nose and left eye, and a liver laceration. Following an investigation, Adkins was indicted, in case number 14-CR-65, on one count of Felonious Assault, in violation of R.C. 2903.11(A)(1), and one count of Child Endangering, in violation of R.C. 2919.22(A). Adkins moved to suppress evidence. Her motion was overruled.

{¶ 4} Thereafter, a plea agreement was reached wherein Adkins agreed to plead guilty to Endangering Children in exchange for the dismissal of the Felonious Assault charge. As a result of the agreement, a bill of information was filed under a new case number, 14-CR-583, charging her with one count of Endangering Children, in violation of R.C. 2919.22(B)(1). Adkins filed a waiver of prosecution by indictment, and tendered a plea of guilty pursuant to *Alford*. The trial court dismissed case number 14-CR-65. Adkins was sentenced to a prison term of four years.

**{¶ 5}** Adkins appeals.

## II.    Any Error in the Trial Court's Ruling on the Suppression Motion Has Not Been Preserved for Appeal, Adkins Having Pled Guilty

**{¶ 6}** Adkins's First Assignment of Error states as follows:

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S PRE-TRIAL MOTION TO SUPPRESS HER STATEMENTS MADE DURING A POLICE INTERROGATION.

**{¶ 7}** A plea of guilty waives any errors by the trial court in failing to suppress evidence. *State v. Elliott*, 86 Ohio App.3d 792, 795, 621 N.E.2d 1272 (12th Dist. 1993). An *Alford* plea is procedurally indistinguishable from a guilty plea and similarly waives any alleged errors committed by the trial court in failing to suppress evidence. *State v. Mastice*, 2d Dist. Montgomery No. 10154, 1987 WL 12631, * 1 (June 8, 1987), citing, *State v. Ruffin*, 8th Dist. Cuyahoga No. 49032, 1985 WL 8980, * 2 (May 2, 1985). Thus, any error related to the motion to suppress has been waived for appeal.

**{¶ 8}** Additionally, Adkins has not been prejudiced by the suppression ruling, since her conviction derives from her guilty plea, not from any evidence that was not suppressed.

**{¶ 9}** The First Assignment of Error is overruled.

## III.    The Trial Court Conducted a Proper Plea Colloquy

**{¶ 10}** Adkins asserts the following for her Second Assignment of Error:

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED

ITS DISCRETION BY ACCEPTING APPELLANT'S GUILTY PLEA.

{¶ 11} Adkins contends that the trial court did not properly conduct a Crim.R. 11 inquiry with regard to the acceptance of an *Alford* plea.

{¶ 12} An *Alford* plea "permits a plea of guilty when the defendant nevertheless denies a necessary foundation of criminal liability, either with respect to the truth of the act or omission charged or the degree of culpability which the offense requires." *State v. Gossard*, 2d Dist. Montgomery No. 19494, 2003-Ohio-3770, at ¶ 7. "An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.*, quoting *Alford*, 400 U.S., at 37.

{¶ 13} When taking an *Alford* plea, a trial court must not only comply with the dictates of Crim.R. 11, but must "determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent." *Gossard*, ¶ 11. "At a minimum, this requires an 'inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty.' " *Id.* "The essence of an Alford plea is that a Defendant's decision to enter the plea against his protestations of factual innocence is clearly and unequivocally supported by evidence that he exercised that calculus for the purpose of avoiding some more onerous penalty that he risks by, instead, going to trial on the charges against him." *Id.* at ¶ 12.

{¶ 14} } Adkins admits, and we conclude, that the trial court conducted a plea colloquy in accordance with Crim.R. 11(C). She contends that the trial court did not take the necessary additional step of ascertaining whether she was making a rational decision to enter the plea rather than go to trial.

{¶ 15} A review of the transcript reveals that Adkins was aware of the penalties for the offenses charged in both cases. She was represented by counsel, with whom she discussed her rights. The State set forth a summary of the offense, as well as the evidence it would present at trial. The State noted that it would present the detective who investigated the case, who would testify that Adkins admitted that she squeezed the child. The State also had photographs of the bruising as well as the medical records concerning the injuries. The State intended to present the testimony of doctors who treated the infant prior to the injuries, as well as doctors who treated her thereafter. Finally, the State had family members who would testify as to where, and in whose care, the child was at the time the injuries occurred. Adkins affirmed that she believed, after discussing the matter with counsel, that entering an *Alford* plea was in her best interest, rather than going to trial on the original indictment.

{¶ 16} The trial court found that the State had strong evidence indicating guilt, and that there was a basis for entering the plea. The trial court further found that Adkins had made a knowing, intelligent, and voluntary decision to enter the plea. The record supports the trial court's finding.

{¶ 17} The Second Assignment of Error is overruled.

## IV.    Conclusion

**{¶ 18}** Both of Adkins's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Ryan A. Saunders
Kristin L. Arnold
Hon. Richard J. O'Neill