[Cite as *State v. Hopings*, 2019-Ohio-1486.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Telly Hopings, Jr.

    Appellant

Court of Appeals No. L-18-1038

Trial Court No. CR0201601938

**DECISION AND JUDGMENT**

Decided: April 19, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Jeffrey M. Brandt, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Following a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 26, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), defendant-appellant, Telly Hopings, Jr., appeals the January 30, 2018 judgment of the Lucas County Court of Common Pleas, convicting him of murder and an accompanying firearms specification. For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} On May 8, 2016, Hopings shot E.B. four times, killing him. He then led police on a high-speed vehicular chase, followed by a foot chase, and disposed of the weapon along the way. He was indicted on May 19, 2016, on charges of (1) aggravated murder, with a firearms specification, (2) murder, with a firearms specification, (3) failure to comply with the order of a police officer, and (4) tampering with evidence.

{¶ 3} A jury trial began on January 29, 2018, however, on the second day of trial, Hopings and the state reached an agreement, pursuant to which Hopings would plead guilty under *North Carolina v. Alford* to murder, a violation of R.C. 2903.02(B), along with a firearms specification under R.C. 2941.145, in exchange for the dismissal of the remaining counts of the indictment. The state provided a statement of the evidence that it would have presented had the matter proceeded to trial. The trial court accepted Hopings's plea, made a finding of guilt, and sentenced Hopings to a term of life in prison with the eligibility of parole after 15 years on the murder conviction, and three years' imprisonment on the firearms specification.

{¶ 4} Hopings appealed and assigns the following errors for our review:

I. HOPINGS' PLEA MUST BE VACATED, AS THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO ELICIT FROM HOPINGS HIS REASONS FOR PLEADING GUILTY DESPITE HIS PROTESTATION OF INNOCENCE.

II. THE TRIAL COURT ERRED IN DENYING HOPINGS' MOTION TO SUPPRESS.

III.  HOPINGS' PLEA MUST BE VACATED AS A RESULT OF

THE INEFFECTIVE ASSISTANCE OF COUNSEL.

## II.  Law and Analysis

{¶ 5} Hopings raises three assignments of error.  First, he claims that his plea must be vacated because the trial court failed to elicit from him personally his reason for pleading guilty despite his protestation of innocence.  Second, he claims that the trial court erred because it rejected his contention that he suffered from delusions and PTSD that prevented him from effectively waiving his rights under *Miranda v. Arizona*, 384 U.S. 436, 439, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and, therefore, improperly denied his motion to suppress statements made during a custodial interrogation.  Finally, he claims that trial counsel was ineffective because he led Hopings to believe that he could appeal the denial of his suppression motion despite entering an *Alford* plea, and because he failed to advise him to enter a plea of no contest instead of an *Alford* plea.  We address each of these assignments in turn.

## A.  The Plea

{¶ 6} In his first assignment of error, Hopings argues that the trial court erred by failing to elicit from him his reasons for pleading guilty despite his protestations of innocence.  He complains that the trial court did not directly address him to ensure that he had made a rational calculation that it was in his best interest to accept the plea bargain offered by the state.

{¶ 7} Under *North Carolina v. Alford,* a defendant may enter a plea of guilty while professing his innocence.  Because an *Alford* plea has the same effect as a guilty plea, "it

3.

must be made voluntarily, knowingly and intelligently." *State v. Willis*, 6th Dist. Lucas No. L-07-1210, 2008-Ohio-6808, ¶ 4, citing *Alford* at 36-37. To ensure that a defendant has sufficient information to allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty, the trial court must comply with Crim.R. 11(C). *State v. Duhart*, 6th Dist. Lucas No. L-16-1283, 2017-Ohio-7983, ¶ 8. Crim.R. 11(C) sets forth a number of constitutional and nonconstitutional rights that the court must explain to a defendant before accepting his or her plea. *Id.*

{¶ 8} In addition to these Crim.R. 11(C) requirements, where a defendant enters an *Alford* plea, "'[t]he trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor.'" *Willis* at ¶ 6*, quoting *State v. Padgett*, 67 Ohio App.3d 332, 338, 586 N.E.2d 1194 (2d Dist.1990).

{¶ 9} Hopings does not claim that the trial court failed to comply with Crim.R. 11(C). He argues only that the trial court erred because it did not directly ask him his reasons for pleading guilty despite his protestations of innocence.

{¶ 10} To begin with, it does not appear that Hopings made "protestations of innocence" at the plea hearing. Although an inquiry may be required in cases – unlike this one – where the defendant pleads guilty but yet protests his or her innocence, we have previously rejected the proposition that the trial court must personally inquire of a defendant to ensure that he or she has made a rational calculation to plead guilty. *State v. Lacumsky*, 6th Dist. Ottawa No. OT-08-060, 2009-Ohio-3214, ¶ 9, citing *State v. Kafai*, 6th Dist. No. WM-99-001, 1999 Ohio App. LEXIS 6339 (Dec. 30, 1999). *See also State*

4.

*v. Martinez*, 6th Dist. Lucas Nos. L-09-1152, L-09-1153, 2010-Ohio-2791, ¶ 21, fn. 5 ("An affirmative showing in the record of the defendant's motivation in making an *Alfords* [sic] plea * * * may exist absent direct inquiry by the trial court."). Rather, we have held that "the state's narrative statement of the evidence that would have been presented against appellant at trial * * * [may provide] a sufficient basis on which to make that determination." *Martinez* at ¶ 21.

{¶ 11} Additionally, our review of the record demonstrates that the trial court *did* directly address Hopings during the plea colloquy to determine his reasons for entering the plea and to ensure that he had made a rational calculation that it was in his best interest to plead guilty:

THE COURT: All right. The plea that you are entering today it is called a guilty plea, but it is being done specifically to a case called North Carolina versus Alford.

In this type of plea the Defendant maintains their innocence. However, they accept responsibility for the charge that they enter the plea to – in order to avoid the potential of a more serious punishment.

In this particular case, Count 1 is a [sic] aggravated murder charge with a firearm specification. The sentence in that particular charge if found guilty is a life sentence with the option the Court would select parole eligibility after 20, 25, 30 years or without parole, which is a more extensive sentence.

5.

Also, you have two other charges in Counts 3 and 4 which were each felonies of the third degree, which could be punishment up to 36 months as to each charge. If run consecutive that could add an additional six years of sentence of aggravated murder, which in itself could be a life without parole sentence. Do you understand all that?

THE DEFENDANT: Yes.

THE COURT: And that is the sentence that you would be avoiding by accepting this plea. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Is that what you intend to do here today?

THE DEFENDANT: Yes.

{¶ 12} In addition to this dialogue between Hopings and the trial court, Hopings signed a plea form in which he acknowledged that "[b]y this plea of guilty, I DO NOT admit committing the offense, but I enter this plea only to avoid the risk of conviction on a more serious offense if I went to trial on the original charge and the possibility of a higher penalty as a result." His attorney told the court that he and Hopings "had an opportunity to review the plea of guilty pursuant to North Carolina versus Alford," and that "[a]ny questions that he entertained were answered, and he knowingly, intelligently, and voluntarily placed his signature of each side of the document."

{¶ 13} Finally, Hopings's attorney spoke on his behalf, informing the trial court of the reason for Hopings's plea:

6.

As the Court is well aware, and my client is also, the nature of the plea itself does not indicate that he admits committing this offense. However, for fear of proceeding to trial and perhaps being found guilty of aggravated murder with a firearm spec, and tampering with evidence, and fleeing and alluding the police, and thereby potentially being exposed to a much greater sentence.

My client at this time will knowingly, intelligently, and voluntarily withdraw his – waive his Constitutional rights to a trial and withdraw his former plea of not guilty and tender this plea of guilty pursuant to North Carolina v. Alford.

{¶ 14} Given the dialogue between Hopings and the trial court, his execution of the plea form, trial counsel's explanation of his reasons for entering the plea, and the state's summary of the evidence it would have presented at trial, we find that the trial court properly determined Hopings's reasons for entering an *Alford* plea and ascertained that he had made a rational calculation that it was in his best interest to do so. *See Willis*, 6th Dist. Lucas No. L-07-1210, 2008-Ohio-6808, at ¶ 8-9 (concluding that *Alford* plea was properly accepted where defendant reviewed written plea form with counsel, signed the plea form, and responded affirmatively when he was asked by the court whether he was entering the plea to avoid risk of conviction for a more serious offense).

{¶ 15} We find Hopings's first assignment of error not well-taken.

7.

## B. The Motion to Suppress

{¶ 16} In his second assignment of error, Hopings argues that the trial court erred when it denied his motion to suppress evidence. He acknowledges the numerous cases from this court that hold that by entering an *Alford* plea, an appellant waives his right to challenge the denial of a suppression motion. Nevertheless, Hopings contends that our holdings are incorrect because (1) there is no Ohio or U.S. Supreme Court case that stands for this proposition, and (2) our first enunciation of this rule was in *State v. Barhite*, 6th Dist. Lucas No. L-90-043, 1991 Ohio App. LEXIS 3314, (July 12, 1991), an appeal filed under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which appellate counsel "did not engage in advocacy" on behalf of the client.

{¶ 17} First, we note that this court is not alone in holding that a guilty plea under *Alford* waives any alleged errors committed by the trial court in failing to suppress evidence. *See, e.g., State v. Adkins*, 2015-Ohio-4605, 46 N.E.3d 1143, ¶ 7 (2d Dist.); *State v. Dailey*, 7th Dist. Columbiana No. 06-CO-63, 2007-Ohio-6429, ¶ 20; *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, ¶ 27; *State v. Bailey*, 12th Dist. Butler No. CA99-03-067, 2000 Ohio App. LEXIS 3300, *2 (July 24, 2000). We would also point out that we were not the first district to arrive at this conclusion. *See, e.g., State v. Mastice*, 2d Dist. Montgomery No. 10154, 1987 Ohio App. LEXIS 7439, *2 (June 8, 1987).

{¶ 18} Second, *Barhite* does not have less precedential weight simply because it involved an *Anders* appeal. Moreover, while we may have first acknowledged our position in an *Anders* appeal, we have had numerous opportunities to revisit our holding

8.

and have declined to do so. *See, e.g. State v. Pringle*, 6th Dist. Lucas No. L-98-1275, L-98-1364, 1999 Ohio App. LEXIS 3013, *11-12 (June 30, 1999) (recognizing that a guilty plea entered pursuant to *Alford* is procedurally indistinguishable from a guilty plea and waives alleged error by the trial court in failing to suppress evidence unless such error is shown to have prevented defendant from knowingly and voluntarily entering guilty plea); *State v. Leasure*, 6th Dist. Lucas No. L-05-1260, 2007-Ohio-100, ¶ 7 ("Possible error in a trial court's denial of a motion to suppress is among those appealable errors waived."); *State v. Rice*, 6th Dist. Lucas No. L-06-1343, 2007-Ohio-6529, ¶ 15.

{¶ 19} Finally, the absence of any Ohio or U.S. Supreme Court case law on point means that our decisions are not in conflict with any higher-court precedent. Unless a higher court rules otherwise, our decisions remain controlling in this district.

{¶ 20} Accordingly, we find that by entering an *Alford* plea, Hopings waived his ability to challenge the trial court's denial of his motion to suppress evidence. We find his second assignment of error not well-taken.

### C. Ineffective Assistance of Counsel

{¶ 21} In his third assignment of error, Hopings argues that trial counsel was ineffective for (1) leading him to believe that by entering an *Alford* plea, he would be able to appeal the trial court's denial of his motion to suppress, and (2) failing to advise him to enter a no-contest plea instead of an *Alford* plea.

{¶ 22} In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just

9.

result.  *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287, 661 N.E.2d 817 (7th Dist.1995).  To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."  *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002).

{¶ 23} Here, there is nothing in the record to support Hopings's claim that trial counsel led him to believe that he could appeal the trial court's denial of his motion to suppress despite entering an *Alford* plea, or that trial counsel failed to advise him to enter a no-contest plea rather than an *Alford* plea.  There is also nothing in the record to suggest that the state ever offered or would have allowed Hopings the option of entering a no-contest plea.  We, therefore, reject Hopings's claim of ineffective assistance of counsel. *See State v. Bonnet*, 12th Dist. Warren No. CA96-07-059, 1997 Ohio App. LEXIS 718, *5-6 (Mar. 3, 1997) (rejecting ineffective assistance claim where "record [did] not include private conversations between appellant and his trial counsel regarding the effect of appellant's plea on his pretrial motions," and "there [was] nothing in the record to support appellant's contention that he and his trial counsel were given the option of pleading no contest").

{¶ 24} We find Hopings's third assignment of error not well-taken.

10.

## III.  Conclusion

**{¶ 25}** The trial court properly ascertained Hopings's reasons for entering a plea of guilty under *North Carolina v. Alford* where it personally addressed him, he executed a plea form, trial counsel spoke on his behalf, and the state provided a statement of evidence that it would have presented at trial.  Hopings waived his ability to appeal the trial court's denial of his suppression motion when he entered this plea.  And there is no evidence in the record to support Hopings's claim that trial counsel was ineffective for failing to advise him that by entering an *Alford* plea, he was waiving his ability to appeal the denial of the suppression motion, or that counsel failed to advise him to enter a plea of no contest instead of an *Alford* plea.

**{¶ 26}** Accordingly, we find Hopings's three assignments of error not well-taken and affirm the January 30, 2018 judgment of the Lucas County Court of Common Pleas. Hopings is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Christine E. Mayle, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.